JOURNAL ENTRY AND OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the Cuyahoga County Court of Common Pleas and the briefs of counsel. Defendant-appellant Timothy Henderson appeals from his conviction for carrying a concealed weapon, receiving stolen property, and having a weapon under disability. His single assignment of error is that the trial court erred in denying his motion to suppress in violation of his constitutional rights. We agree, and for the reasons set forth below, we reverse the decision of the trial court in this matter.
 {¶ 2} Shortly after 5:00 a.m. on September 12, 2005, Officer Littell of the Cleveland Police Department observed the appellant, Timothy Henderson, run a red light in a high crime area. The officer pursued the vehicle and observed it speeding and going through three stop signs before he was able to catch up with it. Upon catching up to the vehicle, the officer turned on his overhead lights at which time the vehicle immediately pulled over and stopped. The officer pulled his service revolver as he approached the car and ordered appellant out of the vehicle. He restrained him in handcuffs, patted him down and placed him in the back of the police car. The officer stated his reasons for using these procedures were because of appellant's erratic driving and the high crime nature of the area.
 {¶ 3} Upon questioning the driver, the officer learned that he was a 53-year-old male who was in a rush to help his wife open their store before going on to his *Page 4 
6:00 a.m. appointment for dialysis. The officer verified these facts with appellant's wife. However, before verifying the story, the officer searched the interior "reach area" of the vehicle and found a loaded gun in the center console.
 {¶ 4} At the suppression hearing, the officer testified that whenever he removes somebody from a vehicle, it is his standard practice to search the "reach area" of the vehicle before allowing the person back in because, the officer stated "I need to make sure that I'm going to be safe doing so." He stated that this type of a search was a "Terry" search.
 {¶ 5} The officer is mistaken in his understanding of the search parameters authorized by Terry v. Ohio (1968), 392 U.S.1, 88 S.Ct. 1868,20 L.Ed.2d 889. Terry does not authorize a police search, even a limited "reach area" search, of a vehicle for weapons every time a police officer orders a person out of a vehicle incident to a traffic stop. Under Terry, a limited protective search of the detainee's person for concealed weapons is justified only when the officer has reasonably concluded that "the individual whose suspicious behavior he is investigating at close range is armed and presently dangerous to the officer or to others * * *." Id. at 24, 88 S.Ct. at 1881,20 L.Ed.2d at 908. The test is whether the officer can reasonably conclude, based upon the totality of the circumstances, that the person detained is armed and that a protective search is necessary for his safety and the safety of others. State v. Bobo (1988), 37 Ohio St.3d 177, 524 N.E.2d 489, paragraph two of the syllabus. *Page 5 
 {¶ 6} It is uncontested that appellant violated the traffic laws by running a red light, speeding, and ignoring more than one stop sign in the early morning hours in an area deemed to be a high crime area. However, those factors alone are insufficient to justify the search of his vehicle. There is nothing in the record to show that the officer had a reasonable, articulable suspicion at any time during the traffic stop that appellant was armed and dangerous and that a search of the vehicle for weapons was necessary to protect him from danger. A police officer is not permitted to conduct a search merely for convenience, or as part of his normal routine or practice. State v. Lozada, 92 Ohio St.3d 74,77, 2001-Ohio-149, 748 N.E.2d 520. Therefore, the search of appellant's vehicle was invalid, and the weapon found as a result of that search should have been suppressed. Consequently, we reverse the court's order denying the motion to suppress, vacate the sentence as to the no contest plea, and remand for further proceedings.
It is, therefore, ordered that said appellant recover of said appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 MARY EILEEN KILBANE, P.J., and ANN DYKE, J., CONCUR *Page 1